47668, 47669. TWISDALE v. GEORGIA RAILROAD BANK & TRUST COMPANY; and vice versa.
47670, 47671. MOORE v. GEORGIA RAILROAD BANK & TRUST COMPANY; and vice versa.

ARGUED JANUARY 2, 1973 — DECIDED APRIL 3, 1973 — REHEARING DENIED MAY 1, 1973 —

*Congdon, Williams & Daniel, W. Barry Williams,* for appellants.
*Cumming, Nixon, Yow, Waller & Capers, Wm. Byrd Warlick,* for appellee.

BELL, Chief Judge. ■ (a) *The main appeals.* A verdict should not be directed unless there is no issue of fact, or unless the proved facts viewed from all possible legal points of view, sustain no other findings than that directed. *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812). It is undisputed that the Augusta Telecasters, Inc., the principal debtor, executed a note for $275,000, and the note recited that it was secured in part by a guaranty agreement signed by the defendants and four others; that the guaranty contract limited the

guarantors' liability to a specified percentage of the total amount of indebtedness guaranteed, and that the principal, the Augusta Telecasters, Inc., defaulted. It was also shown that two of the guarantors, not parties to this suit, had been released by their payment of the amount guaranteed by them in the percentages specified in the guaranty agreement; that one of the other guarantors had confessed judgment and one had made an agreement with the bank to pay his share. It is argued that the release of two guarantors, the confession of judgment and the agreement as to the other two operated to discharge the defendants in this case. The guaranty agreement contained a clause that specified that the liability of all the guarantors was joint and several and that the plaintiff bank was authorized to institute proceedings at law or in equity against the guarantors or any one or more of them without suing the principal or any other of the guarantors. It is contended that there is an inconsistency between the general provisions by which the plaintiff bank reserved rights against all the guarantors with those of the specific provisions limiting their liability to the percentages listed in the agreement. This they argue, results in nullifying the general provision, and thus since the specific clause incorporates no reservations of rights, the discharge of one guarantor operates to discharge all. The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction. Code § 20-702; *Romine, Inc. v. Savannah Steel Co., Inc.,* 117 Ga. App. 353 (160 SE2d 659). It is clear that the parties agreed that each of the guarantors' liability, although being joint and several, was limited by the amount specified in the contract. A guarantor may by his contract limit his liability according to his own pleasure. *Wright v. Shorter,* 56 Ga. 72. We find no inconsistency between the general provisions and the specific provisions limiting liability to the percentages specified in the agreement.

Another argument advanced is that the plaintiff bank impaired the collateral without consent of defendants which operated to discharge them under the authority of Code Ann. § 109A-3—606 (1, b). The defendants say that plaintiff bank made unauthorized withdrawals from the reserve account of $55,000, which reduced the balance to approximately $27,000 at time of trial. We fail to find any evidence that the plaintiff, without authority, disbursed

funds from this account, but even if it did the guaranty agreement and the note contained a provision authorizing the Bank to surrender or release collateral. As was stated in *Reeves v. Hunnicutt,* 119 Ga. App. 806, 807 (168 SE2d 663), "Consent may be given in advance . . . It requires no consideration, and operates as a waiver of the consenting party's right to claim his own discharge."

(b) The trial court directed a verdict against the defendant Twisdale in the amount of $61,875 plus interest and attorney fees, and against defendant Moore in the amount of $27,500 plus interest and attorney fees. The amount of these verdicts represents exactly the percentage these two defendants guaranteed. It is urged that the court erred in the assessment of the damages in that the reserve account, which at the time of the trial was in the amount of $27,000, should have been set off against any damages to be assessed against these defendants. The evidence is clear that the total amount of the loan was $275,000. The note specified that this reserve account was just a part of the collateral which would secure payment of any liability owing to the bank by the maker of the note, the Augusta Telecasters. To rule along the lines argued would result in these defendants paying less than the amount of liability as set forth in the contract.

The vice president of the plaintiff bank testified also in connection with the reserve account that it was held as a time deposit in the plaintiff bank but that it accrued no interest. Since it accrued no interest the provisions of Code Ann. § 109A-9—207 would have no application here. That section concerns an increase in collateral held by a secured party which, if money, must be paid to the debtor to reduce the secured obligation.

(c) The defendants contend that the contract of guaranty was unconscionable because of unequal bargaining power between the parties. There is no evidence that the provisions of the guaranty agreement precluded the signers from a meaningful choice. The bank, if it so chose, could have required all six guarantors to be jointly and severally liable of the total amount guaranteed, but instead the guaranty limited the individual liability of each. We find nothing in this contract to be against public policy.

(d) The defendants made a motion for a directed verdict on the grounds that the plaintiff had failed to prove a guaranty agreement dated September 9, 1969, as plead in its complaint and that it proved a different contract, one dated September 9, 1968. Plaintiff's Exhibit 2, the guaranty agreement of 1968, was

admitted in evidence over objection. The trial court did not err in admitting this Exhibit and did not err in denying the motion for directed verdict and the motion for judgment n.o.v. The guaranty agreement of September, 1968 was attached to the complaint. The complaint alleged that the guaranty agreement was dated September 9, 1969, and was executed simultaneously with the execution of the note. Where there is a variance between the allegations and the exhibits attached to the pleadings the terms and provisions of the exhibits will control. *Houston v. Pollard,* 217 Ga. 184, 189 (121 SE2d 629). Thus, there was no variance between the pleadings and the proof. Plaintiff's Exhibit 2 of the guaranty agreement of September 9, 1968 was admissible.

(e) The defendants established no defense whatsoever and the evidence demanded a verdict for plaintiff.

■ At the start of the trial counsel for defendants made a motion for continuance based upon the absence of a witness, one of the other guarantors. Both counsel agreed that this witness, a physician, was at the moment engaged in surgery. The trial court ruled the continuance would not be granted; that the trial would proceed as it appeared that this witness would be available later in the day; and that when the trial reached a point where this witness was needed that trial judge would reconsider the motion if the witness was unavailable. The case proceeded to trial and plaintiffs rested and the defendants rested without offering any evidence. Their motion for continuance on the basis of the absence of this witness was not renewed. Under these circumstances no error is shown.

■ All other enumerations have no merit.

■ *The cross appeals.* The cross appellant's first enumeration is rendered moot by our affirmance of the judgments in the main appeals and the other enumeration has no merit.

*Judgments affirmed. Deen and Quillian, JJ., concur.*