## 51630. BRINSON v. COMMERCIAL BANK.

EVANS, Judge.

Commercial Bank, Douglasville, Georgia, financed certain mobile homes for Dixie Discount Mobile Homes of Georgia, Inc., a dealer in mobile homes (a practice commonly called floor-planning). The security agreements were executed by "William A. Brinson [Pres.]," signing for Dixie Discount Mobile Homes of Georgia, Inc. In addition, Brinson and another executed an instrument individually called a "Guarantee of Dealer Obligation Due."

After default in the payment of the indebtedness, the bank sued Dixie Discount Mobile Homes of Georgia, Inc., on the indebtedness and the indebtedness of the defendant and another, because of the guarantee executed in favor of the bank.

The case proceeded to trial before the judge without a jury, and a default judgment was rendered against the defendant corporation and the other guarantor because their answers had not been verified. Judgment was then rendered against defendant Brinson, but a motion for new trial was filed and granted. The matter was then tried again as to defendant Brinson and judgment rendered against this defendant for the second time. Defendant appeals. *Held:*

1. Code Ann. § 109A-9—504 (3) requires that after

default, "Unless collateral is perishable or threatens to decline speedily in value or is of the type customarily sold on a recognized market, reasonable notification of the time and place of any public sale . . . shall be sent by the secured party to the debtor. . ." The evidence shows that notices were sent to the debtors by certified mail. The law was sufficiently met when this was shown by the evidence. See *Smith v. Singleton,* 124 Ga. App. 394 (1) (184 SE2d 26). But there is nothing shown in the Uniform Commercial Code requiring such notice to be given to a guarantor. The court did not err in its interpretation of finding the guarantor liable under the guarantee as to obligations due the Commercial Bank.

2. There is no evidence that the bank failed to use reasonable care in the custody and preservation of the collateral in its possession. The evidence was in conflict as to the disposition of the trailers from the time of repossession until the sale, but all of these questions have been satisfied with the judgment against the Dixie Mobile Homes of Georgia, Inc.

3. A judgment for the deficiency balance due the plaintiff was determined at the first trial, and this is no longer an issue here.

4. The guarantor may, by his contract, limit his liability. See *Wright v. Shorter,* 56 Ga. 72. But we find no such limit of liability here. The instrument guarantees "faithful performance of any or all written agreements now existing which may hereafter be entered into between the dealer and the bank in respect of said contracts, notes, drafts or acceptances, or of any security, or collateral in connection therewith." The court did not err in rendering its judgment against the guarantor.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1976 — DECIDED MARCH 1, 1976 — REHEARING DENIED MARCH 19, 1976.

*Autrey, Field & Hasis, D. Robert Autrey, Jr.,* for appellant.

*James, Johnson & Pitts, J. Clifford Johnson,* for appellee.