## 53160. COLODNY et al. v. KRAUSE.

WEBB, Judge.

Krause as trustee for Atico Mortgage Investors sought to enforce a deficiency judgment obtained in South Carolina against Mr. and Mrs. Colodny and Mr. and Mrs. Feldman in a realty mortgage foreclosure proceeding. All four are residents of Georgia. Mesdames Colodny and Feldman had not been properly served in the South

Carolina deficiency judgment proceeding, and their motion to dismiss on that ground was sustained. The trial court by summary judgment sustained, however, the deficiency judgment against Messrs. Colodny and Feldman, and we affirmed. *Colodny v. Krause,* 136 Ga. App. 379 (221 SE2d 239) (1975).

Count 2 of Atico's complaint based upon a guaranty contract executed by the four individuals, and not then before us, thereafter was adjudicated by the trial court as to Mesdames Colodny and Feldman. Their motion for summary judgment was denied, and summary judgment was entered for Atico against these two for $201,562.48.

Mesdames Colodny and Feldman make a six-pronged assault upon the summary judgment in their appeal to this court, and we shall deal with the alleged errors in the order presented.

1. Appellants assert error by the trial court in denying their motion for summary judgment in that Atico's action "is barred by the doctrine of res judicata" by virtue of the deficiency judgment proceeding in South Carolina.

The South Carolina judgment *was res judicata* as to the husbands of these appellants, in that the husbands were served, and the judgment was entitled to full faith and credit. *Colodny v. Krause,* p. 380. But Mesdames Colodny and Feldman were never served in the South Carolina proceeding. It is fundamental that the legal liability of one person to another person can be ascertained only in an action brought against such person by the other in a court of competent jurisdiction. Code §§ 3-607, 110-501. "A judgment is not conclusive as to one who was not a party to the proceeding in which it was rendered, nor as to one over whom the court acquired no jurisdiction, even though the latter may be named as a party defendant in the proceeding." *Smith v. Downing Co.,* 21 Ga. App. 741, 742 (9) (95 SE 19) (1917). See also *Patrick v. Simon,* 237 Ga. 742, 743 (2) (1976).

Where a verdict and judgment are had against two defendants, on a joint and several contract, and it appears that one was never served, the verdict and judgment as to the one not served are void. *Kitchens v. Hutchins,* 44 Ga. 620 (4) (1872); *Hicks v. Bank of Wrightsville,* 57 Ga. App.

233, 234 (1) (194 SE 892) (1938).

"A personal judgment can not be obtained against a person who is not named as a party defendant *and properly served in the action.*" (Emphasis supplied.) *Webb & Martin, Inc. v. Anderson-McGriff Hardware Co.,* 188 Ga. 291 (2) (3 SE2d 882) (1939); *Burgess v. Nabers,* 122 Ga. App. 445, 447 (2) (177 SE2d 266) (1970). The South Carolina judgment was rendered by a court which lacked jurisdiction of the two appellants, was a nullity and not final as to them, and appellants' plea of res judicata must fail. *Gilmer v. Porterfield,* 233 Ga. 671 (212 SE2d 842) (1975) upon which appellants place reliance is inapposite here.

2. Appellants next contend as error that the summary judgment was based upon a judgment obtained in South Carolina against them without notice or opportunity to be heard in that state. The basis for the action against appellants in this state was the guaranty contract, not the South Carolina judgment. Their liability under the guaranty was reduced by the net amount of the foreclosure proceedings in South Carolina. If appellants contend that the valuation established in the South Carolina foreclosure proceeding, to which this court gave full faith and credit as to the husbands of these parties in the previous appearance here, was less than fair market value, they neither alleged nor offered proof of a valuation different from that established in the South Carolina action.

3. Appellants contend that Atico did not comply with Georgia's confirmation procedures set forth in Code Ann. § 67-1503. The real estate foreclosed upon is in South Carolina. *Goodman v. Nadler,* 113 Ga. App. 493 (148 SE2d 480) (1966) applies here, wherein the same argument was made. We held that Georgia's confirmation statute (§ 67-1503) "is obviously drawn so as to apply only to foreclosure sales in Georgia." Ibid, p. 495. And, "[t]he plaintiff is not barred, under these circumstances, from bringing the action in personam in the county of the defendants' residence because of any requirement contained in *Code* § 37-608." Ibid. p. 496.

Appellants argue that to allow Atico to obtain a personal judgment against them for the deficiency would

be against the public policy of this state. "Where the question [public policy] has arisen in other jurisdictions it has generally been held that recovery of a deficiency judgment otherwise allowable under the law of the situs of the mortgaged property and the contract indebtedness which it secures is not violative of the public policy of the state of the forum on grounds of public policy although contrary to the rule in effect in such state. [Cits.] The strongest ground of public policy which occurs for the enforcement of statutes requiring confirmation in foreclosure proceedings is to protect the debtor from being subjected to double payment in cases where the property was purchased for a sum less than its market value. *Code* § 37-609 requires that evidence satisfactory to the court of the true market value of the property is a condition precedent to the confirmation. We reach the same conclusion on an action in Georgia based on a Florida judgment and applying Florida law, for in Florida a nonresident mortgagor not personally served in the foreclosure proceeding is not bound by the amount brought in at the foreclosure sale, but may offer evidence to show the true value of the property. The traditional test used in determining whether the public policy of the forum prevents the application of otherwise applicable conflict-of-laws principles was well expressed by Justice Cardozo in Loucks v. Standard Oil Co. of N. Y., 224 N.Y. 99 (120 NE 198), to the effect that foreign law will not be applied if it 'would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal.' No such reason exists here." *Goodman v. Nadler,* supra, pp. 496, 497. (See 44 ALR3d 927, § 3).

4. Appellants argue that the denial of their motion for summary judgment was error in that their risk under the guaranty agreement has been increased and they have been discharged.

There is no merit in this contention. Atico obtained a judgment against the other two guarantors, husbands of appellants, and in this action Atico is pursuing appellants for a judgment on the same guaranty that underlay the deficiency judgment entered in South Carolina and to which this state gave full faith and credit as to the

husbands. There has been no release of anyone, and no risk has been increased to the appellants. Furthermore, the guaranty agreement which these appellants signed provides, among other things, "a separate action or action may be brought and prosecuted against guarantors. . ." Also, "guarantors authorize mortgagee. . . without affecting their liability . . . to (d) release or substitute any one or more of the endorsers or guarantors," and "guarantors waive any right or claim of right . . . to require mortgagee to proceed against the guarantors in any particular order."

Even if there had been a release of parties liable, under the terms of the guaranty contract these two guarantors were not thereby discharged. We consider *Overcash v. First Nat. Bank,* 115 Ga. App. 499 (155 SE2d 32) (1967) (cert. den.) to be applicable. Chief Judge Felton, speaking for this court, held that the alteration by the credit bank of a contract of suretyship "by the release of one of the three original sureties and the substitution of a new surety therefor did not discharge the other two original sureties, defendants, since such novation was authorized by a provision in the contract to the effect that the bank could surrender any kind of security it held and substitute any kind of collateral for the indebtedness without notice to or further consent of the sureties."

Atico here simply was trying to get Mrs. Colodny and Mrs. Feldman to do that which they promised; nothing more, nothing less.

5. We agree with appellants' assertion that the laws of Georgia must be applied. The law of Massachusetts, referred to in the guaranty as applicable to that contract, will be taken as not contrary to the law of Georgia. *White Farm Equipment Co. v. Jarrell & Clifton,* 139 Ga. App. 632, 634 (2) (229 SE2d 113) (1976); *Craig v. Craig,* 53 Ga. App. 632, 636 (4) (186 SE 755) (1936). We find no error here.

6. The final argument of appellants is that genuine issues of fact remain to be determined. All of their arguments as to this contention focus on the value of the real estate foreclosed upon. Appellants never by pleading or any sort of evidence, affidavit or otherwise, asserted that the property was worth more than $400,000 received

in the South Carolina foreclosure. Had they so desired to raise this question and make it an issue of fact, they should have pleaded the issue or attempted to prove a different value by affidavit or other evidence. Atico had submitted with its pleadings a properly authenticated copy of the special referee's report of sales submitted in the South Carolina confirmation proceeding, which showed the mortgaged property was sold for $400,000. There was no evidence of value other than this amount. Appellants' own motion for summary judgment also would seem to indicate that to them there was no issue of fact. Atico having shown a value of the land foreclosed upon, the burden shifted to appellants to show a different amount, and this they failed to do. Compare *Heimanson v. Meade,* 140 Ga. App. 534 (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Submitted January 5, 1977 — Decided January 11, 1977 — Rehearing denied January 28, 1977 — 

*Bell & Desiderio, Ruby Carpio Bell,* for appellants.
*Kidd, Pickens & Tate, Charles M. Kidd,* for appellee.