## 60477. McNULTY v. CODD.

CARLEY, Judge.

By an agreement dated January 30, 1976, appellant McNulty sold all of the stock of M & T Coal Mining Corporation (M & T) to Blair Mountain Coal Corporation (Blair), a corporation wholly owned by appellee Codd. As payment for the stock, Blair gave McNulty its note evidencing an indebtedness in the amount of $1,381,858.00. The note was secured by a pledge of M & T and Blair stock and a security interest in certain equipment owned by M & T. Codd personally guaranteed the note by a written guaranty agreement which limited his liability in the event of Blair's default to $500,000.00.

Blair defaulted on the note and McNulty repossessed the collateral. McNulty subsequently held two public sales and eventually sold, in a series of private transactions, some of the equipment securing the debt. In an attempt to notify M & T and Blair of the public sales, McNulty sent a certified letter to Codd, as president of M & T and Blair, by mailing it to an attorney named Lewis Southworth. McNulty contends Southworth represented both Codd and the two corporations. Codd contends Southworth was neither his attorney nor that of the corporations when the letter was mailed.

The instant action was instituted by McNulty to enforce the guaranty of Codd. McNulty claims that despite the sale of some of the equipment, he is still owed well over $500,000.00. Therefore, McNulty brought suit for $500,000.00. Codd answered alleging

several defenses: accord and satisfaction, estoppel and waiver, fraud, whole or partial payment, excused performance, breach of warranties, commercial unreasonableness in the disposition of the collateral and failure to state a claim upon which relief can be granted. After discovery, both McNulty and Codd moved for summary judgment. Codd's motion was granted and McNulty's motion was denied. McNulty appeals, asserting error in the trial court's disposition of the summary judgment motions.

1. McNulty contends that the trial court erred in granting Codd's motion for summary judgment. Codd argues that the motion was properly granted on the grounds that Codd, as guarantor, was a "debtor" within the meaning of Code Ann. § 109A-9—504 (3) and therefore entitled to notice of any disposition of the collateral upon Blair's default on the note. Asserting that McNulty did not comply with the provisions of Code Ann. § 109A-9—504 (3) Codd contends that McNulty is barred from seeking a deficiency judgment in light of *Gurwitch v. Luxurest Furn. Mfg. Co.,* 233 Ga. 934, 936 (214 SE2d 373) (1975). It is McNulty's position that Code Ann. § 109A-9—504 (3) deals only with notice to the principal debtor and not with notice to a guarantor. Furthermore, McNulty argues that in the guaranty agreement itself Codd waived his right to notice.

In construing Code Ann. § 109A-9—504 (3), this court has held: "[t]here is nothing shown in the Uniform Commercial Code requiring such notice to be given to a guarantor." *Brinson v. Commercial Bank,* 138 Ga. App. 177 (1) (225 SE2d 701) (1976). Thus under Georgia Law, a guarantor is not entitled to notice under the provisions of Code Ann. § 109A-9—504 (3). Consequently, *Gurwitch v. Luxurest Furn. Mfg. Co.,* supra, is not applicable to this case.

Under the terms of the guaranty agreement itself, Codd waived any right to notice. The guaranty agreement states in pertinent part: "The undersigned waives notification of acceptance of this Guaranty, notice of nonpayment and nonperformance, notice of the amount of indebtedness and liabilities outstanding at any time, presentments, protests, notices of protest, demands for payment and prosecution of collection, foreclosure and possessory remedies in respect to any and all said Secured Notes and in respect to indebtedness and liabilities from time to time secured under the aforesaid Agreement and by this Guaranty. The undersigned further agrees that said Eugene W. McNulty and his assigns shall not be required to proceed against said Blair Mountain Coal Corporation, or to sell or exhaust the collateral security or assets of said Blair Mountain Coal Corporation held by him before proceeding against the undersigned for the payment of the indebtedness and liabilities hereby guaranteed." Since a guarantor is not entitled to notice under Code Ann. § 109A-9—504

(3), the provision of Code Ann. § 109A-9—501 (3) (b), rendering pre-default waiver of notice provisions unenforceable, would not be applicable and the waiver language in the guaranty agreement would be viable and assertable against Codd. Accordingly, the grant of summary judgment to Codd was erroneous and must be reversed.

2. McNulty contends that the trial court erred in denying his motion for summary judgment. We find this enumeration to be without merit.

On motion for summary judgment, the burden is on the moving party to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Code Ann. § 81A-156 (c); *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430, 431 (231 SE2d 447) (1976). An examination of the record reveals that questions of fact remain concerning Codd's asserted defenses.

There being material issues of fact remaining and the evidence adduced not demanding a finding for McNulty, the trial court did not err in denying McNulty's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 7, 1981.

*R. Hal Meeks, Jr., Frank J. Franzino, Jr.,* for appellant. Philip R. Codd, *pro se.*