61674. BANK OF FOREST PARK v. GRAY et al.

Sognier, Judge.

Jack Norris endorsed a note executed between the Bank of Forest Park (Bank) and Carol Gray. After repossession and sale of the collateral, the Bank filed suit against Norris and Gray on the note for a deficiency. The trial court ruled that the failure of the Bank to give Norris notice under Code Ann. § 109A-9—504 (3) precluded a deficiency judgment against him as endorser. We reverse.

Appellant contends that the trial court erred in holding that Norris was a "borrower" under the terms of the note and, therefore, was entitled to notice. In *Brinson v. Commercial Bank,* 138 Ga. App. 177 (1) (225 SE2d 701) (1976) this court held: "Code Ann. § 109A-9—504 (3) requires that after default . . . 'reasonable notification of the time and place of any public sale . . . shall be sent by the secured party to the debtor . . .' . . . But there is nothing shown in the Uniform Commercial Code requiring such notice to be given to a guarantor." Appellant cites *McNulty v. Codd,* 157 Ga. App. 8, 9 (276 SE2d 73) (1981) in support of its argument. While *McNulty* involves a limited guarantee and is distinguishable, it states that ". . . under Georgia Law, a guarantor is not entitled to notice under the provisions of Code Ann. § 109A-9—504 (3)."

Appellee contends that the word "borrower" in the note is defined to include endorser. We do not find this argument persuasive. Code Ann. § 109A-9—504 (3) requires that notice be sent to the "debtor." Code Ann. § 109A-9—105 (1) (d) defines "debtor" as ". . . the person *who owes payment* or other performance of the *obligation secured,* whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. *Where the debtor and the owner of the collateral are not the same person,* the term "debtor" means *the owner of the collateral in any provision of the Article dealing with the collateral,* the obligor in any provision dealing with the obligation, and may include both where the context so requires." (Emphasis supplied). Thus, we may construe an endorser as a debtor because he "owes payment." However, because Code Ann. § 109A-9—504 (3) deals with disposition of the collateral after default,

"debtor" in that section means the owner of the collateral. Our view is supported in certain of our sister states. First National Park Bank v. Johnson 553 F2d 599 (9th Cir. 1977); Security Pacific Nat. Bank v. Goodman, 24 Cal. App. 3d 131, 100 Cal. Rptr. 763 (1972); New Haven Water Co. Employees Credit Union v. Burroughs, 6 Conn. Cir. 709, 313 A2d 82 (1973); A. J. Armstrong, Inc. v. Janburt Embroidery Corp., 97 N.J. Super. 246, 234 A2d 737 (1967).

This interpretation has been rejected, however, in the well-reasoned cases of Chase Manhattan Bank v. Natarelli, 93 Misc. 2d 78, 401 NYS2d 404 (1977) and Rhoten v. United Virginia Bank, 269 SE2d 781, 784 (1980). In Rhoten the court said: "Interpreted literally and viewed in isolation, § 8.9-504(3) might be held to deal with collateral. . . ." However, the court went on to say that the preceding subsection 8.9-504(2) made the debtor (including a co-maker or guarantor) liable for a deficiency; thus, the co-maker or guarantor deserved the same notice protection as the debtor/owner in order to maximize the proceeds of the sale and reduce his liability for the deficiency. This reasoning ignores the fact that in most commercial dealings the endorser or guarantor has waived (as they have in this case) his rights to the collateral by allowing the secured party to release it in whole or in part, even without default. The provisions of Code Ann. § 109A-9—105(1)(d) limiting the definition of "debtor" to "owner" in sections dealing with collateral anticipates this fact. In view of the precedent set by *Brinson v. Commercial Bank,* supra, and *McNulty v. Codd,* supra, we reverse.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1981 —

*Mark L. Golder* for appellant.
*Richard E. Reiter, Jr.,* for appellees.