63567—63575. ALLIS-CHALMERS CORPORATION v.
BARBREE et al. (nine cases).

CARLEY, Judge.

The single issue presented in each of these nine appeals is identical. Accordingly the appeals have been consolidated for appellate review.

Appellee-defendant is in the business of selling farm equipment. In each case, appellee sold equipment to a purchaser who in turn executed and delivered to appellee a retail installment contract. Each contract granted appellee a security interest in the equipment to secure the payment of the outstanding indebtedness. Likewise in each case, appellee, for value received, assigned the contract "with full recourse" to plaintiff-appellant. In each case the purchaser defaulted on the contract and the equipment was repossessed by appellant. Pursuant to Code Ann. § 109A-9—504 appellant gave notice to the defaulting purchasers that the repossessed equipment would be sold. No such notice of sale was given to appellee. In each case, the sale of the equipment failed to bring in an amount sufficient to satisfy the underlying indebtedness. Consequently, appellant instituted each of the instant actions against appellee and the respective defaulting purchaser to recover the deficiency.

Appellee filed a motion for summary judgment in each case, asserting that he was a "debtor" to whom appellant was required to give notice of the sale of repossessed collateral under Code Ann. § 109A-9—504 (3). The relevant language in that statute reads: "Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale." The trial court agreed that appellee was a "debtor" entitled to notice under Code Ann. § 109A-9—504 (3) and granted him summary judgment in each of the actions. It is from those orders that appellant appeals.

"Code Ann. § 109A-9—504 (3) requires that notice be sent to the 'debtor.' Code Ann. § 109A-9—105 (1) (d) defines 'debtor' as '. . . the person *who owes payment* or other performance of the *obligation secured,* whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. *Where the debtor and the owner of the collateral are not the same person,* the term 'debtor' means *the owner of the collateral in any provision of the Article dealing with the collateral,* the obligor in any provision dealing with

the obligation, and may include both where the context so requires.' Thus, we may construe . . . as a debtor [anyone who] 'owes payment.' However, because Code Ann. § 109A-9—504 (3) deals with disposition of the collateral after default, 'debtor' in that section means the owner of the collateral." *Bank of Forest Park v. Gray,* 159 Ga. App. 42 (282 SE2d 692) (1981).

While, as the endorser in *Gray* or as the guarantor in *McNulty v. Codd,* 157 Ga. App. 8 (276 SE2d 73) (1981), appellee might otherwise be construed as a debtor with reference to the underlying indebtedness because he "owes payment," with specific regard to Code Ann. § 109A-9—504 (3) he is not a "debtor" to whom notice must be given because he is not the "owner of the collateral." Accordingly, the trial court erred in holding appellee to be a "debtor" within the meaning of Code Ann. § 109A-9—504 (3) and in granting him summary judgment on that ground.

*Judgments reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 19, 1982 —
REHEARING DENIED JUNE 7, 1982 —

*B. Thomas Conger,* for appellant.
*Ronald H. Rentz, Ralph C. Smith, Jr.,* for appellees (case no. 63567).
*James M. Pace, Jr., Ralph C. Smith, Jr.,* for appellees (case no. 63568).
*Lee P. Morgan, Ralph C. Smith, Jr.,* for appellees (case. no. 63569).
*George Floyd, Ralph C. Smith, Jr.,* for appellees (case no. 63571).
*John L. Goodman, Ralph C. Smith, Jr.,* for appellees (case no. 63575).
*Ralph C. Smith, Jr.,* for appellees (case nos. 63570, 63572, 63573, 63574).