38900. BARBREE v. ALLIS-CHALMERS CORPORATION et al.

SMITH, Justice.

This case comes on grant of certiorari from the Court of Appeals. Allis-Chalmers sued Barbree and nine individuals who had purchased farm equipment from Barbree. All cases were appealed and on review to this court are consolidated since they present a single issue. We reverse.

Barbree was in the business of selling farm equipment. In each case he sold equipment to a purchaser who in turn executed and delivered to him a retail installment contract. Each contract granted Barbree a security interest in the equipment to secure the payment of the outstanding indebtedness. Likewise in each case, Barbree, for value received, assigned the contract "with full recourse" to Allis-Chalmers. In each case the purchaser defaulted on the contract and the equipment was repossessed by Allis-Chalmers.

Pursuant to Ga. Code Ann. § 109A-9—504 (3), Allis-Chalmers gave notice to the defaulting purchasers that the repossessed equipment would be sold. No such notice was given to Barbree. In each case the sale of the equipment failed to yield an amount sufficient to satisfy the underlying indebtedness. Consequently, Allis-Chalmers instituted an action against Barbree and the defaulting purchasers of the equipment to recover the deficiency.

Barbree filed a motion for summary judgment in each case, asserting that he was a "debtor" to whom Allis-Chalmers was required to give notice of the sale of repossessed collateral under Code Ann. § 109A-9—504 (3), which provides that "reasonable notification of the time and place of any public sale . . . or other intended disposition to be made shall be sent by the secured party to the debtor . . ." The trial court agreed that Barbree was a "debtor" entitled to notice under Code Ann. § 109A-9—504 (3) and granted him summary judgment. The Court of Appeals reversed and ruled that Barbree was not a debtor within the meaning of Code Ann. § 109A-9—504 (3).

1. Code Ann. § 109A-9—105 (1)(d) defines a "debtor" as "the

person who owes payment or other performance of the obligation secured, whether or not he has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the Article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires." The Court of Appeals held that even though Barbree might otherwise be construed as a debtor to whom notice must be given because he "owes payment" of the obligation secured, he is not a "debtor" as anticipated by Code Ann. § 109A-9—105 (1)(d) because he is not the "owner of the collateral" and the provision in question involves disposition of collateral. Following its decisions in *Bank of Forest Park v. Gray,* 159 Ga. App. 42 (282 SE2d 692) (1981) (involving an endorser of a note), and *Brinson v. Commercial Bank,* 138 Ga. App. 177 (225 SE2d 701) (1976) (involving a guarantor), the Court of Appeals ruled that because Code Ann. § 109A-9—504 (3) deals with disposition of collateral after default and not the obligation created by sale of chattel paper with full recourse, "debtor" in that section meant only the owner of the collateral. We granted Barbree's application for writ of certiorari to consider whether it was error to hold that a "debtor," in these circumstances, is limited to the owner of the collateral. Although a question of first impression in our court, this issue has been raised in other states and we are convinced that in the majority of those jurisdictions, Barbree would have been entitled to notice.

"The purpose of requiring notice is three-fold. It gives the debtor an opportunity to exercise the right of redemption of the repossessed collateral . . . It also gives him the chance to challenge any aspect of the disposition before it is made. Finally, it offers the debtor the opportunity to seek out persons who might be interested in purchasing the collateral . . . Particularly the last two of these purposes serve the ultimate goal of allowing the debtor to maximize the sale price of the collateral and, thus, minimize any deficiency for which he will be liable." Rushton v. Shea, 423 FSupp. 468, 469 (D.C. Del. 1976). Accord, Chase Manhattan Bank, N. A. v. Natarelli, 93 Misc. 2d 78 (401 NYS2d 404) (1977) (a guarantor is a "debtor" within the meaning of UCC §§ 9-504 (3) and 9-105 (1)(d)).

In Norton v. Nat. Bank of Commerce, 240 Ark. 143 (398 SW2d 538) (1966), the court found an automobile dealer to be a debtor where the dealer sold a car under a conditional sales contract which was then assigned to a bank under a written assignment providing that if the car purchaser should default, the dealer would repurchase the contract for the amount due thereon plus costs and expenses. The

dealer was ruled a debtor because he was a person who owed "other performance" within the meaning of Uniform Commercial Code § 9-105 (1)(d).[1] See Barnett v. Barnett Bank of Jacksonville, 345 S2d 804 (Fla. 1st DCA 1977); Commercial Discount Corp. v. Bayer, 57 Ill. App. 3d 295 (372 NE2d 926) (rejects *Brinson v. Commercial Bank,* 138 Ga. App. 177, supra; and Commercial Credit Corp. v. Lane, 466 FSupp. 1326 (M. D. Florida 1979)). Common to these cases is the rationale that since persons situated such as Barbree continue to owe an obligation to the obligee/secured party, they are entitled to the same notice protection as the owner of the collateral in order to best maximize the proceeds of the impending sale and thus reduce their liability for any deficiency. We find this reasoning persuasive.

Allis-Chalmers cites no cases in its behalf and identifies no state as holding to a contrary rule. The Court of Appeals in *Gray* cites cases from California, Connecticut, and New Jersey in support. Our review of these cases shows that the New Jersey decision was later distinguished as a case involving an accommodation endorser, and thus it is no longer authority for the proposition cited. See T & W Ice Cream, Inc. v. Carriage Barn, 107 N. J. Super. 328 (258 A2d 162) (1969). The Connecticut case simply does not involve a secured transaction. An automobile was used as collateral to obtain a loan. But no security interest was taken in any goods for the purchase of which money was loaned. See, New Haven Water Co. Employees Cr. U. v. Burroughs, 6 Conn. Cir. 709 (313 A2d 82) (1973). Thus, we find only one state other than Georgia appears to not require the secured party to give notice in the circumstances of the present case.

We need not decide whether Barbree is a guarantor or an endorser in the present case. He assigned the retail installment contract with "full recourse," which we take to mean that Allis-Chalmers could look to Barbree for the deficiency should a sale of the collateral be insufficient to meet the full amount of indebtedness. Barbree was thus involved in the transaction creating the security interest and was the commercial link between Allis-Chalmers and the purchaser of the collateral. His interests were such that he stood in a position to be wholly liable for any deficiency. Code Ann. § 109A-9—105 specifically names sellers of chattel paper as among those who may be considered debtors who owe payment or other performance of the obligation secured.[2] However, even though

---

[1] See 5 ALR 4th 1291 (1982).

[2] See the official comments to UCC § 9-105, discussing the creation of chattel paper in a transaction like the one between Barbree and Allis-Chalmers.

the Code section goes on to distinguish between debtors who own collateral and those who do not, the section concludes by incorporating both owners and obligors within the definition of debtor "where the context so requires." We believe that the context so requires in this case. Barbree was entitled to notice as a debtor pursuant to Ga. Code Ann. § 109A-9—504 (3). We hold that one who is a seller of chattel paper, whether or not he is the owner of the underlying collateral, with full recourse against him in the event of a deficiency is a debtor entitled to notice of the post-default proceedings disposing of the collateral pursuant to Ga. Code Ann. § 109A-9—504 (3). *Bank of Forest Park v. Gray,* 159 Ga. App. 42, supra; *McNulty v. Codd,* 157 Ga. App. 8 (276 SE2d 73) (1981), and *Brinson v. Commercial Bank,* 138 Ga. App. 177, supra, are hereby overruled to the extent that they are inconsistent with this opinion.

2. The remaining question is whether Allis-Chalmers' failure to properly notify Barbree of the default sale bars this deficiency action. It is the rule in Georgia that the secured party cannot recover for a deficiency owed him by a purchaser where he fails to comply strictly with the notice of sale provisions of § 109A-9—504, *GEMC Federal Credit Union v. Shoemake,* 151 Ga. App. 705 (261 SE2d 443) (1979); *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420) (1968). Allis-Chalmers has failed to meet the condition precedent of notifying Barbree of the impending sale. As a result, Allis-Chalmers is precluded from recovering any deficiency from Barbree.

*Judgment reversed. All the Justices concur.*

Decided November 30, 1982 —
Rehearing denied December 14, 1982.

*Ralph C. Smith, Jr.,* for appellant.
*B. Thomas Conger, Lee P. Morgan, George C. Floyd, Ronald H. Rentz, James C. Pace, Jr.,* for appellees.