## 67276. BENNETT et al. v. UNION NATIONAL BANK & TRUST COMPANY.

QUILLIAN, Presiding Judge.

The plaintiff brought suit to recover under the terms of a written agreement to guarantee payment executed by the two defendants. After discovery, the trial judge granted the plaintiff's motion for summary judgment and entered judgment against the defendants. They appeal. *Held:*

The instant agreement provided: "For value received, the sufficiency of which is hereby acknowledged, and in consideration of any loan or other financial accommodation heretofore or hereafter at any time made or granted to William Paul Bennett, Jr. individually and d/b/a Field and Stream (hereinafter called the 'Debtor') by Union National Bank and Trust Co. (hereinafter, together with its successors and assigns, called the 'Bank'), the undersigned hereby

unconditionally guarantee(s) the full and prompt payment when due, whether by declaration or otherwise, and at all times hereafter, of all obligations of the Debtor to the Bank, however and whenever incurred or evidenced . . . " It further provided: "This guaranty shall be continuing, absolute and unconditional and shall remain in full force and effect as to the undersigned, subject to discontinuance of this guaranty as to any of the undersigned (including, without limitation, any undersigned who shall become deceased, incompetent or dissolved) only as follows: Any of the undersigned, and any person duly authorized and acting on behalf of any of the undersigned, may give written notice to the Bank of discontinuance of this guaranty as to the undersigned by whom or on whose behalf such notice is given, but no such notice shall be effective in any respect until it is actually received by the Bank . . . "

1. The two defendants signed the agreement guaranteeing payment up to $21,000 for any loans issued to their son designated therein as "Debtor." They contend the initial loan was paid off and that it was their understanding that such payment ended their entire obligation owed under the agreement. The agreement clearly does not so provide and their attempt to vary by parol evidence the terms of an unambiguous written contract must fail. *Walter E. Heller & Co. v. Aetna Business Credit,* 151 Ga. App. 898, 903 (7) (262 SE2d 151).

2. After other money was loaned to the "Debtor" the defendants argue that the plaintiff sought to obtain their agreement to guarantee the entire loan in the amount of $40,000 which they refused to do. They argue this shows they notified the plaintiff to discontinue the guaranty agreement. However, the applicable provision clearly requires written notice to the plaintiff bank and actual receipt of such notice. There is no proof that this occurred.

3. The defendants contend that since the guaranty agreement refers to the law of Michigan the plaintiff had the burden of establishing the law of Michigan in order to recover. Under *White Farm Equipment Co. v. Jarrell &c. Equipment Co.,* 139 Ga. App. 632 (2) (229 SE2d 113) and *Colodny v. Krause,* 141 Ga. App. 134, 138 (5) (232 SE2d 597) the law of Michigan will be taken as not contrary to the law of Georgia — especially since both states have adopted the Uniform Commercial Code.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 6, 1984 —
REHEARING DENIED FEBRUARY 22, 1984.

*A. J. Block, Jr., Paul R. Jordan,* for appellants.
*Russell S. Thomas,* for appellee.

ON MOTION FOR REHEARING.

Defendant/movant contends that under *Barbree v. Allis-Chalmers Corp.*, 250 Ga. 409 (297 SE2d 465) a surety or guarantor must be given notice of disposition of collateral under OCGA § 11-9-504(3) (Code Ann. § 109A-9—504) and that plaintiffs were required to show the sale of collateral was commercially reasonable under *First Nat. Bank v. Rivercliff Hardware*, 161 Ga. App. 259 (287 SE2d 701). It is argued that a failure to accomplish this is a bar to plaintiffs' recovery.

First, as to notice this court has held that: "In a suit by a creditor against the surety or guarantor of a principal debtor, proper proof of the rendition of a judgment in favor of the creditor against the debtor is not conclusive against the surety or guarantor, but it does establish prima facie that the creditor has a valid claim against the debtor for the amount of the judgment. The burden is upon the surety or guarantor to introduce evidence sufficient to rebut the correctness of the judgment. This rule applies to litigated cases against the principal debtor and, by virtue of CPA § 55 (a), to judgments rendered against him by default." *Escambia Chemical Corp. v. Rocker*, 124 Ga. App. 434 (2) (184 SE2d 31). Accord, *Graybar Elec. Co. v. Opp*, 138 Ga. App. 456, 458 (226 SE2d 271). The defendant failed to raise any issue as to notice or to make any showing that no notice was given.

Moreover, *Barbree v. Allis-Chalmers Corp.*, 250 Ga. 409, 412, supra, as we construe it, did not broadly hold that a guarantor, under the terms of a separate contract from the one regarding the principal debt, constituted a debtor to whom notice must be given. Instead it was stated: "We hold that one who is a seller of chattel paper, whether or not he is the owner of the underlying collateral, with full recourse against him in the event of a deficiency is a debtor entitled to notice of the post-default proceedings disposing of the collateral pursuant to Code Ann. § 109A-9—504(3). *Bank of Forest Park v. Gray*, 159 Ga. App. 42, supra; *McNulty v. Codd*, 157 Ga. App. 8 (276 SE2d 73) (1981), and *Brinson v. Commercial Bank*, 138 Ga. App. 177, supra, are hereby overruled to the extent that they are inconsistent with this opinion."

In view of the limited and specific part of the Court of Appeals' decisions which were overruled, we find that those cases and similar ones such as *Twisdale v. Ga. R. Bank*, 129 Ga. App. 18, 21 (198 SE2d 396); *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (216 SE2d 651) and *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 437 (280 SE2d 842), are still viable authority for the proposition that a

guarantor or surety, under the terms of a separate contract, may waive such protection as notice or the right to contest the commercial reasonableness of the disposition of collateral.

Here the language of the contract which is sought to be enforced clearly evinces a waiver by the defendants.

*Motion for rehearing denied.*