70068. POLLARD et al. v. TRUST COMPANY BANK OF SOUTH GEORGIA, N.A.

(333 SE2d 642)

CARLEY, Judge.

Appellee-plaintiff Trust Company Bank (Bank) was the holder of several promissory notes which were secured by certain real and personal property belonging to appellant-defendant Reginald Pollard and/or his business. After default on payment of the notes, the Bank foreclosed on the underlying security, both real and personal, and sold it. The real property was sold pursuant to power of sale. The amount obtained by this sale was more than sufficient to extinguish the specific indebtedness for which the property was originally given as security. This sale of the realty was subsequently confirmed. After the sale of the personal property, however, the total proceeds from the two sales of the underlying security were not sufficient to equal the total indebtedness evidenced by the several notes. After the sale of the personalty, the Bank then instituted the instant action against appellant, seeking, insofar as is relevant to the instant appeal, a deficiency judgment. In *Pollard v. First Nat. Bank*, 169 Ga. App. 598 (313 SE2d 785) (1984), we reversed the grant of summary judgment in favor of the Bank. After that reversal, the case was returned to the trial court and the Bank apparently amended its complaint. Appellant, in turn, amended his answer to include the defensive assertion that the Bank's disposition of the security "was not disposed of in a commercially reasonable manner. . . ." See *Pollard v. First Nat. Bank*, supra at 599 (2). Both the Bank and appellant filed motions for summary judgment. A hearing was conducted on the cross motions and the trial court ruled that appellant was a guarantor of the indebtedness for which a deficiency judgment was being sought, and that, under the terms of the guaranty agreement, he had waived the right to defend on the basis of alleged commercial unreasonableness in the disposition of the security. See *Bennett v. Union Nat. Bank & Trust Co.*, 169 Ga. App. 904, 906-907 (315 SE2d 431) (1984) (On Motion for Rehearing). Accordingly, the trial court denied appellant's motion and granted summary judgment in favor of the Bank as to the "commercial reasonableness" issue. The trial court also found, however, that there remained a genuine issue of material fact as to the amount of the deficiency to which the Bank was entitled. Thus, the trial court, in effect, granted summary judgment in favor of the Bank only as to appellant's liability for a deficiency. It is from this order that appellant appeals.

1. Appellant's first assertion is that the instant case must be reversed because there is apparently a sealed deposition on file and the trial court's order does not specifically recite that summary judgment was being granted in favor of the Bank "after a review of the record."

Compare *Gen. Motors Corp. v. Walker*, 244 Ga. 191 (259 SE2d 449) (1979). This argument has previously been considered and rejected. See generally *Eunice v. Citicorp Homeowners*, 167 Ga. App. 335 (2) (306 SE2d 395) (1983).

2. Appellant asserts that the trial court erred in determining that he was a guarantor of the underlying indebtedness. Appellant contends that, as to the indebtedness, he was in fact a primary debtor.

It appears that the relationship between the Bank and appellant arose in 1979. In March of that year, appellant's business, South Georgia Irrigation, Inc. (SGII), borrowed a sum of money from the Bank. This transaction was evidenced by an installment note. The note was secured by SGII's equipment, trucks and automobiles, inventory, and accounts receivable. Appellant signed a separate "Guaranty of Payment" agreement which provided, in relevant part, that he "hereby unconditionally guarantee(s) the payment of the Note above and all extensions or renewals thereof. . . ."

In 1980, appellant obtained a personal loan from the Bank. The proceeds from this personal loan were used by appellant to reduce the principal balance of the indebtedness that SGII owed to the Bank on its 1979 note. This 1980 note was secured by real property owned by appellant.

In 1981, SGII wished to refinance the unpaid balance remaining on its 1979 note. In order to do so, SGII again obtained a loan from the Bank. This transaction was evidenced by a 91-day promissory note, denominated as a "renewal" note.

Thereafter, appellant defaulted on his 1980 personal note. SGII defaulted on its 1981 promissory note. As noted above with reference to appellant's default on his 1980 personal note, the Bank foreclosed, the amount obtained as the result of the exercise of the power of sale of the real property which secured that indebtedness was more than sufficient to extinguish the indebtedness evidenced by appellant's personal note, and this sale of the real property was subsequently confirmed. With regard to SGII's default on its 1981 renewal note, the Bank obtained appellant's agreement to sell the personalty which constituted the collateral securing that note at an auction to be conducted on the business premises. The proceeds from this auction plus the excess remaining from the prior sale of the real property belonging to appellant were not sufficient to cover the balance of the indebtedness evidenced by SGII's 1981 renewal note. Accordingly, the Bank instituted the instant action against appellant for a deficiency judgment.

It is clear from the foregoing that the deficiency judgment that the Bank seeks is based upon the underlying indebtedness of SGII. There is no deficiency as to the only note which appellant executed in his individual capacity. The 1980 note is relevant only so far as the

proceeds from the sale of the real property securing that note can be used in partial extinguishment of any other indebtedness on which appellant may also be liable to the Bank. It is the 1981 SGII note that evidences the indebtedness on which there remains an alleged deficiency after sale of the personalty given as collateral to secure that indebtedness. This 1981 note is clearly denominated as a "renewal" of SGII's 1979 note. Appellant agreed that he would unconditionally guarantee the 1979 SGII note and any renewal thereof. Accordingly, the trial court did not err in holding that, as to the deficiency being sought by the Bank, appellant was a guarantor.

3. Appellant asserts that even if he is a guarantor of SGII's indebtedness, the trial court erred in holding that the defense of commercial unreasonableness in the disposition of the collateral securing that indebtedness had been waived. Citing *Barbree v. Allis-Chalmers Corp.*, 250 Ga. 409 (297 SE2d 465) (1982), appellant contends that the defense of commercial unreasonableness cannot be waived by a guarantor.

*Barbree*, supra, "as we construe it, did not broadly hold that a guarantor, under the terms of a separate contract from the one regarding the principal debt, constituted a debtor to whom notice must be given. Instead it was stated [in *Barbree*]: 'We hold that one who is a seller of chattel paper, whether or not he is the owner of the underlying collateral, with full recourse against him in the event of a deficiency is a debtor entitled to notice of the post-default proceedings disposing of the collateral pursuant to [OCGA § 11-9-504 (3)]. *Bank of Forest Park v. Gray*, 159 Ga. App. 42 [(282 SE2d 692) (1981)]; *McNulty v. Codd*, 157 Ga. App. 8 (276 SE2d 73) (1981), and *Brinson v. Commercial Bank*, 138 Ga. App. 177 [(225 SE2d 701) (1976)], are hereby overruled to the extent that they are inconsistent with this opinion.' In view of the limited and specific part of the Court of Appeals' decisions which were overruled, we find that those cases [cited in *Barbree*] and similar ones such as *Twisdale v. Ga. R. Bank*, 129 Ga. App. 18, 21 (198 SE2d 396) [(1974)]; *Dunlap v. C & S DeKalb Bank*, 134 Ga. App. 893, 896 (216 SE2d 651) [(1975)] and *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 437 (280 SE2d 842) [(1981)], are still viable authority for the proposition that a guarantor or surety, under the terms of a separate contract, may waive such protection as notice or the right to contest the commercial reasonableness of the disposition of collateral." *Bennett v. Union Nat. Bank & Trust Co.*, supra at 904, 906-907.

Accordingly, pretermitting the rights that appellant might otherwise have by virtue of his status as a guarantor, *Barbree* is not authority for the proposition that those rights cannot be waived. "Here the language of the contract which is sought to be enforced clearly evinces a waiver by [appellant]." *Bennett v. Union Nat. Bank &*

*Trust Co.*, supra at 907. It follows that the trial court did not err in granting summary judgment in favor of the Bank and in denying summary judgment in favor of appellant as to the commercial reasonableness issue. No genuine issue of material fact remains with regard to appellant's liability to the Bank for a deficiency judgment.

*Judgment affirmed. Sognier and Benham, JJ., concur. Birdsong, P. J., disqualified.*

DECIDED JUNE 26, 1985 — ▮
REHEARING DENIED JULY 16, 1985 — ▮

*George W. Woodall*, for appellants.
*James H. Moore III*, for appellee.