### 70695. DAVIS v. ADEL BANKING COMPANY.
(334 SE2d 874)

DEEN, Presiding Judge.

On August 9, 1982, the appellant, Dorothy J. Davis, co-signed a promissory note, along with her daughter, in favor of the appellee, Adel Banking Company, which had financed the daughter's purchase of a 1980 Buick Skylark. The daughter had also previously executed a promissory note to appellee on April 19, 1982. The indebtedness under the note of August 9, 1982, consisted of $5,920.28 principal (including $167.17 for credit life insurance and $248.00 for credit disability insurance) and $1,598.32 interest. The appellee was granted a security interest in the automobile.

Subsequently, the appellant's daughter became delinquent in her repayment of the loan. In April 1984 upon the appellee's request, the appellant surrendered the vehicle to the appellee. (The appellant's

daughter had moved to North Carolina.) On May 1, 1984, the appellee mailed a notice to the appellant's daughter (at the appellant's address), informing her of her right to redeem the collateral and of its intent to dispose of the collateral and claim for any deficiency; the appellant, however, forwarded this notice unopened to her daughter in North Carolina. The appellant herself was not given formal notice of the intended disposition of the collateral.

Subsequently, the appellee received bids from three automobile dealers to purchase the vehicle, with the bids ranging from $2000 to $2500. The appellee, however, eventually sold the car to another party for $3200, applied the proceeds to the notes of April 19 and August 9, 1982, and then pursued a deficiency claim against the appellant. The appellant defended, in part, on the basis that the appellee had failed to give her notice of the intended disposition of the collateral under OCGA § 11-9-504 and had demanded excessive finance charges, and counterclaimed (1) for certain damages under OCGA § 11-9-507 for the appellee's failure to give notice and (2) for exemplary damages for an alleged violation of the Fair Business Practices Act. Both parties moved for summary judgment, but neither the parties nor the trial court addressed the appellant's counterclaims. From the trial court's grant of summary judgment for the appellee, this appeal follows: *Held*:

OCGA § 11-9-504 (3) requires that a secured party give reasonable notification to a debtor of its intended disposition of repossessed collateral, if the debtor has not signed a statement after default waiving this right to notification. Strict compliance with this notice provision remains the rule in Georgia, and a secured party cannot recover for a deficiency owed by a debtor where the secured party fails to provide the required notice. *Barbree v. Allis-Chalmers Corp.*, 250 Ga. 409 (297 SE2d 465) (1982); *Farmers Bank, Union Point v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981). In the instant case, however, the trial court held that the appellant was not entitled to such notice because she was not a debtor under *McNulty v. Codd*, 157 Ga. App. 8 (276 SE2d 73) (1981). We agree with the appellant that the trial court was mistaken.

OCGA § 11-9-105 (d) defines debtor as "the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires . . ." In *Barbree v. Allis-Chalmers*, supra at 412, the Supreme Court concluded that the context required finding a seller of chattel paper, whether or not he is the

owner of the collateral, to be a debtor entitled to notice of the intended disposition of collateral, where there was full recourse against him in the event of a deficiency. The Supreme Court also overruled *McNulty v. Codd*, supra, *Bank of Forest Park v. Gray*, 159 Ga. App. 42 (282 SE2d 692) (1981) (involving an endorser of a note), and *Brinson v. Commercial Bank*, 138 Ga. App. 177 (225 SE2d 701) (1976), to the exent that those cases are inconsistent with *Barbree*.

In the instant case, as an endorser of the promissory note, the appellant, as was the seller of chattel paper in *Barbree*, stood in a position to be wholly liable for any deficiency. The appellant's obligation under the note, including the potential liability of any deficiency, makes obvious her interest in a fair and optimal disposition of the repossessed collateral, and renders the purpose of requiring notice to the actual debtor equally applicable to the appellant as endorser. See *Barbree v. Allis-Chalmers*, supra. Accordingly, we conclude that the appellant was entitled to notice from the appellee of its intended disposition of the collateral, and because of its failure to provide such notice the appellee may not recover the deficiency from the appellant. The trial court thus erred in granting summary judgment for the appellee and in denying summary judgment for the appellant on this issue. The appellant's counterclaims remain for resolution with the court below.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*Janice Y. Martin, Imogene L. Walker*, for appellant.
*Howard E. McClain*, for appellee.