57022. WALKER v. FENDRICH INDUSTRIES, INC.

McMURRAY, Judge.

On May 29, 1974, Colonial Elastic Company, a corporation, purchased certain textile equipment from Fendrich Industries, Inc. (that is, from Hickory Industries, one of its divisions). D. A. Walker was the president of Colonial and its sole shareholder. Colonial gave its note dated May 29, 1974, in the amount of $51,000 as payment of the balance of the purchase price. It also executed a security agreement on the same date,

granting Fendrich a purchase money security interest in the machinery and parts purchased.

In addition to the above it required Walker as president of Colonial to give a personal limited guaranty relative to the payment of the $51,000 note. On the same date Walker individually executed a guaranty in order to induce Fendrich to accept the promissory note of Colonial in which he personally guaranteed the payment of the first twelve $1,000 installments as provided for under the terms of the note "when the same shall become due, and accepts all provisions of said note, and agrees that in the event of nonpayment of any of the first twelve installments when due action may be brought by the holder of the note against the undersigned, at the option of the holder, whether or not action has been commenced against the maker, and whether or not action is taken to recover under the terms of the Security Agreement given in connection with said note, and agree [sic] that in any such action the maker may or may not be joined with the undersigned."

Subsequently, Colonial contracted to purchase certain textile supplies from Fendrich for $2,500 and gave its promissory note in payment. Fendrich requested Walker to endorse the $2,500 promissory note as an accommodation to Fendrich and as an inducement to it to accept the note, and Walker so endorsed the note. However, in this appeal we are not involved with any question with regard to the note.

Eventually two $1,000 payments were made against the $51,000 note and Colonial paid $100 against the $2,500 note. Further payments were not forthcoming. Fendrich made demand of payment and suit was filed against Colonial and Walker for payment of the two promissory notes.

In September, 1975 Fendrich exercised its rights under the security agreement and repossessed the equipment and parts previously sold. Fendrich gave notice of the repossession to Colonial. Colonial then filed a bankruptcy proceeding in which the debt was listed as a dischargeable one in bankruptcy, and the debt of Fendrich was discharged in bankruptcy. Colonial is no longer involved in this case.

Fendrich initially stored the repossessed equipment and parts, attempted to sell same and did sell some of the equipment in 1976 and in 1977. It also modified some of the equipment and put it to use in the Fendrich plant in Hickory, N. C.

The case proceeded to trial before the court without a jury as to Walker with certain findings of fact being made, that is, that Walker knew the nature and guaranty of the goods which were purchased, and no dispute existed as to the default in the $51,000 note; and that demand for payment had been made upon Walker both as president of Colonial and in his individual capacity. No payments were received by plaintiff which sent demand letters for attorney fees in the event full payment was not received. The trial court also concluded there was no evidence of a contract of accord and satisfaction, no question that Walker voluntarily executed the guaranty so as to induce the credit sale of goods by plaintiff to Walker's corporation, and that no evidence of misconduct on the part of plaintiff existed which would preclude its recovery on the guaranty. The trial court also concluded that the actions of the plaintiff were commercially reasonable and that Walker made no effort to reclaim the repossessed collateral and acted unreasonably in not providing plaintiff with his new address for business purposes when he sold his interest in Colonial. Thereupon judgment was returned against Walker on both notes, that is, $10,000 plus interest at the rate of 7% as to the guaranty, including judgment on the promissory note which is not here involved.

Defendant appeals, contending the trial court erred in granting judgment to plaintiff on the issue of liability on the guaranty claiming he was discharged by plaintiff's conduct and retention of repossessed collateral in full satisfaction of the balance of the underlying contract of indebtedness and by the impairment of the collateral for the guaranteed indebtedness which increased the risk of the guarantor. *Held:*

The enumerations of error involve the issue of liability of the defendant in executing the guaranty agreement. Defendant complains therein that the plaintiff had discharged him by its conduct in retaining

the repossessed collateral in full satisfaction of the balance of the underlying contract of indebtedness and by increasing his risk. However, the language of the contract clearly states that he guaranteed the payment of the first twelve installments, accepting all provisions of the note whether or not action had been taken to recover under the terms of the security agreement. Accordingly, it did not matter whether or not plaintiff had sought to recover under the security agreement since the defendant bound himself to pay eleven of the remaining twelve notes "if and when the same shall become due." He is bound by his contract. See in this connection *Browning v. Nat. Bank of Ga.,* 143 Ga. App. 278, 279 (238 SE2d 275); *Rambo v. Cobb Bank &c. Co.,* 146 Ga. App. 204, 205 (2) (245 SE2d 888). Of course, if defendant could show that in equity and good conscience the plaintiff had already reimbursed itself for the indebtedness through the repossession process double payment would not be allowed. However, this has not been shown by evidence. Accordingly, we find no reason for reversal of the trial court. See *Anchor Sign Co. v. ITT Terryphone Corp.,* 138 Ga. App. 742 (2,3) (227 SE2d 492); *Durham v. Greenwold,* 188 Ga. 165 (3 SE2d 585); *Dunlap v. Citizens &c. DeKalb Bank,* 134 Ga. App. 893, 895 (2) (216 SE2d 651). The enumerations of error are not meritorious.

*Judgment affirmed. Deen, P. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 2, 1979.

*Troutman, Sanders, Lockerman & Ashmore, Richard A. Newton, Donald J. Ellis,* for appellant.

*Smith, Polstra & Kirsch, Carl V. Kirsch,* for appellee.