806 F.2d 1014
 2 UCC Rep.Serv.2d 1487
 In re Millard KENNEDY and Glenwodyne B. Kennedy, Debtors.
UNITED STATES of America, on Behalf of FARMERS HOME
ADMINISTRATION, Plaintiffs- Appellants,
v.
Millard KENNEDY and Glenwodyne B. Kennedy, Defendants-Appellees.
 No. 85-8271.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 29, 1986.
 
 Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for plaintiffs-appellants.
 Richard A. Childs, Columbus, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before HILL and FAY, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 HILL, Circuit Judge:
 
 
 1
 The Farmers Home Administration ("FmHA") appealed from the district court's affirmance of a bankruptcy court decision that FmHA could not recover any deficiency on certain notes based upon an accommodation endorser's deed to secure debt, where FmHA violated the notice requirements of O.C.G.A. Sec. 11-9-504(3) (1982) in disposing of the principal debtor's chattels. In In re Millard Kennedy and Glenwodyne B. Kennedy, 785 F.2d 1553 (11th Cir.1986), we held as initial matters that the Kennedys did not waive their right to notice under O.C.G.A. Sec. 11-9-504(3) and that the notice requirements of O.C.G.A. Sec. 11-9-504(3) are not preempted by federal law. After finding that the remaining issue in the case presented an important question of Georgia law on which there was no clear, controlling precedent, we certified the following question to the Supreme Court of Georgia:
 
 
 2
 Whether the bar against collection of any deficiency if a sale of collateral occurs without notice, in violation of O.C.G.A. Sec. 11-9-504(3), prevents a creditor holding a claim secured by both personal property and real property from proceeding against the real estate to collect the balance remaining after a commercially unreasonable sale of the personalty.
 
 
 3
 In United States v. Kennedy, 256 Ga. 345, 348 S.E.2d 636 (1986), the Georgia Supreme Court answered this question in the affirmative. It concluded that
 
 
 4
 where a sale of collateral occurs without notice, in violation of O.C.G.A. Sec. 11-9-504(3), the bar against collection of a deficiency [upon the debt secured by such collateral] prevents a creditor from holding a claim against a guarantor secured by real property from proceeding against the real estate to collect the balance remaining after a commercially unreasonable sale of the personalty.
 
 
 5
 Id. at 347-48, 348 S.E.2d 636. We are grateful to the Supreme Court of Georgia for its cooperation and assistance.
 
 
 6
 Because the law of Georgia on this point is now clear, we affirm the district court's decision upholding the bankruptcy court's ruling that FmHA's failure to give notice bars it from recovering any deficiency against the Kennedys based upon their second security deed.
 
 
 7
 AFFIRMED.