UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert A. CONTESTABILE,
Defendant–Appellant,

Randelle Thornburgh, Defendant.

No. 92–8195.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1993.

Richard L. Stumm, Atlanta, GA, for defendant-appellant.

James R. Schulz, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, FAY and COX, Circuit Judges.

TJOFLAT, Chief Judge:

This case turns on the effect of a guarantor's waiver of rights prior to a debtor's default on a loan made in participation with the Small Business Administration (SBA). We follow Georgia law's clear guidance and conclude that the pre-default waiver is not effective. Accordingly, we reverse the district court's grant of summary judgment against the guarantor and remand the case for further proceedings, but we affirm the court's grant of summary judgment with respect to the guarantor's setoff defenses.

I.

On December 3, 1985, A Touch of Brass, Inc. (Brass) executed and delivered a promissory note for $120,000 to the Business Development Corporation of Georgia, Inc. (BDC), in consideration for a loan from the BDC to Brass made pursuant to 15 U.S.C. § 631 (1988). Brass' personal property secured the note and appellant Robert A. Contestabile and Randell E. Thornburgh "unconditionally guarantee[d]" the loan through written agreements. Contestabile and Thornburgh expressly waived their rights upon default and foreclosure of "demand, advertisement and notice to the extent permitted by law." [1]

On February 12, 1987, the BDC declared the Brass loan to be in default and foreclosed on the collateral. The BDC subsequently assigned its rights under the loan and guaranty agreements to the SBA. On December 11, 1989, the United States, on behalf of the SBA, brought suit against Contestabile and Thornburgh in federal district court, see 28 U.S.C. § 1345, to collect the

---

1. In the guaranty agreement, Contestabile also grant[ed the BDC] full power, in its uncontrolled discretion and without notice to the undersigned, ... to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing....

The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers.

deficiency. Thornburgh failed to answer and suffered a default judgment from which he does not appeal. Contestabile answered, interposing the affirmative defense that the BDC failed to conduct a "commercially reasonable" sale of Brass' secured assets as required by O.C.G.A. § 11–9–504(3) (Michie 1982 & 1992 Supp.), and claiming that he was entitled to various setoffs. The SBA moved for summary judgment, which the district court granted on December 23, 1991. The court held that Contestabile's pre-default waiver of rights contained in the unconditional guaranty of the Brass loan precluded his section 11–9–504(3) defense of commercial unreasonability. Contestabile appeals.

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). We review the district court's grant of summary judgment de novo, *see Regan v. U.S. Small Business Admin.*, 926 F.2d 1078, 1080 (11th Cir.1991), and review the evidence and draw related inferences in the light most favorable to Contestabile, *see Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). We conclude that the district court erroneously granted summary judgment on Contestabile's commercial unreasonableness defense and properly granted summary judgment as to his setoff defenses.[2]

In *Regan*, we held that Georgia law governs disputes between the SBA and guarantors of SBA sponsored loans. 926 F.2d at 1083. Contestabile claims that the BDC, as the SBA's predecessor-in-interest, conducted a commercially unreasonable sale of

Brass' assets. O.C.G.A. § 11–9–504(3) provides that "every aspect of the disposition [of the collateral] including the method, manner, time, place, and terms must be commercially reasonable." If the BDC conducted a commercially unreasonable sale of Brass' collateral in violation of section 11–9–504(3), then the SBA is barred from recovering a deficiency judgment against either Brass as debtor or Contestabile as guarantor. *See United States ex rel. Farmers Home Admin. v. Kennedy*, 256 Ga. 345, 348 S.E.2d 636, 638 (1986) ("[W]here the creditor fails to comply ..., he loses the right to recover a deficiency."); *Reeves v. Habersham Bank*, 254 Ga. 615, 331 S.E.2d 589, 593 (1985) ("[I]f the creditor does not comply ... he loses his right to recover the deficiency, not merely his right to recover a personal judgment against the debtor."). The district court made no findings as to the commercial reasonability of the BDC's foreclosure sale because it held that Contestabile had waived this defense. We disagree.

In *Branan v. Equico Lessors, Inc.*, 255 Ga. 718, 342 S.E.2d 671, 674 (1986), the Georgia Supreme Court resolved the issue presented by this case. The court determined that "the status of one as the 'guarantor' of an indebtedness is determinative as to the legally non-binding effect of his pre-default waiver of the requirements of § 11–9–504(3)." Under *Branan*, a guarantor's pre-default waiver of section 11–9–504(3) rights does not bar the guarantor from asserting those rights as a defense to a suit to collect a deficiency under the guaranty agreement.

Because *Regan* compels us to apply Georgia law, and because Georgia law is extremely clear that pre-default waiver of section 11–9–504(3) rights is not binding, Contestabile is not bound by his waiver. Hence, the district court erred by holding that Contestabile waived his affirmative defense of commercial unreasonability.

---

**2.** We agree with the district court's conclusion that Contestabile did not introduce sufficient evidence to support his setoff defenses, and,

accordingly, affirm that aspect of summary judgment.

### III.

We affirm the district court's grant of summary judgment as to Contestabile's setoff defenses, but reverse the grant of summary judgment as to Contestabile's section 11-9-504(3) defense and remand this case for further proceedings.

AFFIRMED in part, REVERSED and REMANDED in part.