A06A2193. DURHAM v. PATEL.
(638 SE2d 851)

JOHNSON, Presiding Judge.

Harold Durham appeals from the trial court's order granting summary judgment to Tony Patel d/b/a BJ's BP in this slip and fall case. Because there are genuine issues of material fact as to whether the store had superior knowledge of the alleged water on the floor of its store, we must reverse the trial court's grant of summary judgment.

---

The evidence before the trial court at the time of its ruling consisted of conflicting affidavits submitted by the parties. Durham submitted an affidavit in which he stated that on "August 29, 2001, I went up to the BP store to get a Dr. Pepper while going towards the back of the store to the coolers I slipped on a wet spot on the floor where it looked as if they had been mopping." His shorts were very wet after he landed on the floor. He claimed that the store was open at the time of his fall and that there were no warning signs in the store.

A store employee claimed in his affidavit that Durham entered the store 45 minutes after it closed. According to the employee, Durham ignored his statement that the store was closed, pushed past him, "and went to the beer cooler area." The employee followed Durham and found him "sitting on the floor holding a 22 ounce bottle of Bud Lite in each hand." The employee "did not see any water, oil, or other foreign substance on the floor where ... Durham was sitting" or on Durham's clothing. According to the employee, Durham made no complaint about falling and "appeared to be highly intoxicated."

The employee acknowledged that, at the time Durham entered the store, he had been mopping the floors. He asserted that he had placed "a 'Caution-Wet Floor' sign in one of the aisles near the main entrance" and that the bucket which he used to mop the floor also had a warning about wet floors.

The store moved for summary judgment, asserting that Durham was a trespasser to whom it owed a limited duty of care and that even if he were an invitee, there was no evidence that it had superior knowledge that the floor was wet where Durham fell. The trial court granted summary judgment to the store in a one-sentence order that does not explain the basis for its ruling.

1. Durham appeals, arguing that the trial court erred in granting summary judgment because there are genuine issues of material fact as to whether he had equal knowledge of the slippery wet floor. We agree with the argument and hold that summary judgment is inappropriate in this case.

To recover for injuries sustained in a slip and fall, the plaintiff must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard, despite exercising ordinary care, due to actions or conditions within the defendant's control.[1] Such routine issues of premises liability are generally not susceptible to summary judgment, which may be granted only when the evidence is plain, palpable, and undisputed.[2]

---

[1] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[2] Id. at 748.

In this case, there is no direct evidence about when Durham first saw that the floor where he allegedly fell was wet. The store claims that we should construe Durham's statement that he "slipped on a wet spot on the floor where it looked as if they had been mopping" to mean that he saw the wet area before he fell. This we cannot do, as we are required to construe the facts in favor of Durham, the nonmoving party, and give him the benefit of all reasonable inferences.[3] Because the record does not show that Durham knew that the floor was wet before his fall and the store employee acknowledges mopping before Durham's fall, a genuine issue of material fact exists as to the store's superior knowledge of the hazard posed by the wet floor. Genuine issues of material fact also exist as to whether the area where Durham fell was actually wet, whether it was wet from mopping, whether the store had warned of wet floors, and whether the store was open at the time Durham entered. As a result, the trial court erred in granting summary judgment to the store.

2. The store argues that Durham's affidavit is invalid based on discrepancies in its execution. We cannot consider this argument because the store failed to move to strike the affidavit below, resulting in a waiver of its right to make this claim on appeal.[4]

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 16, 2006.

*Scott Isles Hart*, for appellant.
*Kenneth D. Bruce*, for appellee.

---

[3] *Lau's Corp. v. Haskins*, 261 Ga. 491, 492-493 (1) (405 SE2d 474) (1991).

[4] See *Reece v. Chestatee State Bank*, 260 Ga. App. 136, 140 (1) (579 SE2d 11) (2003); *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 440 (4) (280 SE2d 842) (1981).

