## 71287. BRANAN v. EQUICO LESSORS, INC.
(347 SE2d 344)

CARLEY, Judge.

After the collateral securing an unpaid corporate debt had been repossessed and sold for an amount insufficient to satisfy the debt, appellee-plaintiff filed suit, seeking to recover on appellant-defendant's alleged personal guaranty of the debt. Appellant answered, denying the material allegations of the complaint and, by way of counterclaim, raised the issue of the genuineness of his purported signature on the guaranty agreement.

Appellee filed a motion for summary judgment and, in contending that no genuine issue of material fact remained, partially relied upon the assertion that, under the terms of the guaranty agreement, appellant had "waived all rights and defenses, specifically including the right to a 'commercially reasonable' defense. . . ." In partial opposition to the motion, appellant asserted that an issue remained concerning whether appellee had "provide[d] the proper statutory notice as pertains to repossession and resale of the subject [collateral]. (OCGA [§] 11-9-504 (3))."

After conducting a hearing on appellee's motion, the trial court denied summary judgment with regard to the issue of the genuineness of appellant's signature. However, with regard to the applicability of OCGA § 11-9-504 (3), the trial court ruled that appellant had "waived his right to assert the defense of a commercially reasonable resale" and granted summary judgment in favor of appellee. The subsequent trial was conducted solely as to the issue of whether it was appellant's signature on the guaranty, the trial court ruling that "all [other] matters" were resolved on summary judgment. The jury returned a verdict in favor of appellee and appellant appeals from the judgment that was entered thereon.

Appellant enumerates as error the partial grant of summary judgment in favor of appellee. The trial court's order in this regard was undoubtedly premised upon a line of this court's cases holding "that a gurantor or surety, under the terms of a separate contract, may waive such protection as notice or the right to contest the commercial reasonableness of the disposition of collateral." *Bennett v. Union Nat. Bank &c. Co.*, 169 Ga. App. 904, 907 (315 SE2d 431) (1984). See also *Clay v. Presidential Fin. Corp.*, 175 Ga. App. 226, 227 (2) (332 SE2d 924) (1985); *Pollard v. Trust Co. Bank*, 175 Ga. App. 510, 512 (3) (333 SE2d 642) (1985). However, in answer to a certified question in the instant case, our Supreme Court has now specifically overruled that line of our decisions. *Branan v. Equico Lessors*, 255 Ga. 718, 722 (6) (342 SE2d 671) (1986). "[T]he status of one as the 'guarantor' of an indebtedness is determinative as to the legally non-binding effect of his pre-default waiver of the requirements of [OCGA] § 11-9-504 (3)."

*Branan v. Equico Lessors,* supra at 722 (7). It necessarily follows that the trial court's order granting partial summary judgment in favor of appellee and the judgment entered on the jury verdict returned after the truncated trial must be reversed.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 2, 1986.

*Charles J. Reich,* for appellant.

*Richard A. Katz, Keith A. Royal, Therese L. Glisson,* for appellee.